UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

BENDED PAGE, LLC
EIN: 85-2948361

Debtor.

Case No. 23-14679-MER

Chapter 11, Subchapter V

## CREDITOR'S OBJECTION TO APPROVE 2024 COMPENSATION TERMS FOR BRAD DEMPSEY CONSULTING LLC AND BRADFORD DEMPSEY AS CHIEF EXECUTIVE OFFICER PURSUANT TO 11 U.S.C. § 363

William Spearman ("Creditor") objects to Bended Page's ("Debtor") Motion to Approve 2024 Compensation Terms for Brad Dempsey Consulting LLC and Bradford Dempsey as Chief Executive Officer Pursuant to 11 U.S.C. § 363 Regarding 2024 Proposed Compensation (this "Motion") as follows:

### BACKGROUND

Debtor previously requested and the Court approved Debtor's employment of Brad Dempsey Consulting LLC and Bradford Dempsey as Chief Executive Officer, including fixed monthly compensation terms to be effective only through December 31, 2023.

Debtor is now asking the court to approve Mr. Dempsey's compensation for 2024.

### ANALYSIS

Simply put, Debtor has not fulfilled its obligation to justify Mr. Dempsey's significant compensation to the business for 2024. Moreover, Debtor has not articulated how paying its CEO $120,000 annual compensation is consistent with the ordinary course of business needed from Bended Page during the 2024 year. Even though Debtor has wide latitude to make its decision, Debtor has only proven Mr. Dempsey is a credible attorney - which is a vastly different skill set than what the business needs in 2024.

In the CEO application for Mr. Dempsey, Debtor highlighted his background as an attorney with clear bankruptcy credentials. Creditor does not dispute his qualifications as an attorney. Debtor has also noted that operationally Mr. Dempsey closed stores and "restocked" shelves. While Mr. Dempsey did secure cash funding, there is no evidence to suggest Tattered Cover did

anything other than merely pay for its inventory and has not fundamentally restored relationships. Furthermore, no plans have been distributed to creditors as to if Mr. Dempsey has a pipeline for additional capital.

Debtor did not update any of Mr. Dempsey's credentials or relevant experience in its motion, even though Creditor believes the business will face significantly different needs in 2024. Debtor appears to agree - noting in its motion that it hopes to swiftly move past bankruptcy in 2024 - further underscoring the need to demonstrate that Mr. Dempsey has the relevant background to lead a retail operation. Debtor omits any acknowledgment that Mr. Dempsey is credentialed in Strategy, Finance, Operations, Human Resources, or Purchasing. Subsequently, Debtor will still need to fulfill these roles - which will decrease available cash for the business. These roles were filled by individuals who led these operations during Q4 2023.

In addition, Debtor nor Mr. Dempsey, have provided creditors with any business plan for 2024. Can the court confirm Mr. Dempsey's compensation without an intimate understanding of how the business will be run in 2024? As the plan is required by 1/16/2024, it feels premature to approve Mr. Dempsey's compensation at this time.

Presently, Debtor's largest store undeformed against 2022 figures during the holiday season. Its second largest location also underperformed. In total sales for all stores combined, Debtor's business remained flat - despite the opportunity for significant community goodwill following the bankruptcy release to the public. Moreover, the closing of nearby locations should have resulted in existing stores overperforming 2022 numbers.

Any decision on Mr. Dempsey's role with Debtor during 2024 should be made after there is a clear business plan in place, other bidders for the businesses have been addressed, or if Debtor can demonstrate that Mr. Dempsey presently has the qualifications for the role.

Dated: 1/2/24

William Spearman