## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 23-14679-MER |
| BENDED PAGE, LLC<br>EIN: 85-2948361 | Chapter 11, Subchapter V |
| Debtor. | |

### NOTICE OF MOTION FOR ENTRY OF ORDER (A) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS; (B) AUTHORIZING DEBTOR'S SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE §§ 363(b), 363(f) and 363(m); AND (C) GRANTING RELATED RELIEF

### OBJECTION DEADLINE IF MOTION TO SHORTEN NOTICE IS GRANTED: JULY 2, 2024

### OBJECTION DEADLINE IF MOTION TO SHORTEN NOTICE IS **NOT** GRANTED: JULY 8, 2024

**YOU ARE HEREBY NOTIFIED** that Bended Page, LLC ("Debtor"), through its counsel, filed a Motion for Entry of Order (A) Approving Asset Purchase Agreement and Authorizing The Sale of Substantially All of Debtor's Assets' (B) Authorizing Debtor's Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code §§ 363(b), 363(f) and 363(m); and (C) Granting Related (the "Sale Motion")[1] as summarized below.

### SUMMARY OF THE PROPOSED SALE

Debtor received three bids by the deadline, with the TC Acquisition Co LLC (the "Purchaser") making the highest and best bid. After conferring with the two other bidders (one of which was a third-party and one of which was the DIP Lender), one bidder voluntarily dropped out and requested the return of its deposit. The other bidder did not wish to participate in an auction. As a result, Debtor filed its Notice on June 11, 2024, indicating that it did not intend to proceed with an auction on June 12, 2024 [Docket No 341].

Following receipt of the Purchaser's bid on June 10, 2024, Debtor determined that Purchaser complied with the Bid Procedures Order and was a Qualified Bidder. Over the coming days that preceded the filing of the instant Motion, the Debtor negotiated certain adjustments to the bid with the Purchaser. Those adjustments resulted in increases in value to the bankruptcy

---

[1] All capitalized terms not otherwise defined herein shall have the meaning set forth in the Sale Motion.

estate and its creditors. The APA attached as **Exhibit 1** to the Sale Motion is the product of those negotiations, was reached at arms-length, and reflects the approval of Debtor's management and Board. Debtor's management and Board believe the APA is in the best interests of Debtor's estate and requests that the APA be approved.

The Purchaser is an affiliate of Barnes & Noble Inc. Barnes & Noble is the largest retail bookseller in the United States. The combined company has approximately 600 bookstores across the United States, as well as its online bookstore at BN.com, the NOOK® Digital business which offers both eBooks and audio book subscriptions service, the SparkNotes educational service, stationery and gift retailer Paper Source, and the publisher Union Square & Co.

A summary of the terms of the APA is as follows:

a. **Purchase Price**. The consideration to be paid by the Purchaser is up to $1,833,402 in cash, plus the assumption of the Assumed Liabilities[2], reasonable compensation payable to a consumer privacy ombudsperson appointed pursuant to 11 U.S.C. § 332, and cure amounts that may be due on executory contracts up to $50,000. *See APA § 2.1.* The purchase is subject to adjustment based on the value of inventory at closing compared to a current cost value of the inventory of $828,434. *See APA § 6.4.* Purchaser has also agreed to pay any transfer taxes, if any. *See APA § 10.4.* The APA also contains a provision for prorations on expenses and revenue that straddle the closing date. *See APA § 2.3.*

b. **Purchased Assets**. The Purchased Assets are substantially all assets of Debtor, including (a) Inventory; (b) Intellectual Property (including copyrights, trademarks, tradenames and goodwill); (c) furniture, fixtures, and equipment; (d) Books and Records; (e) Debtor's interests in leases of real property; (f) any assets owned by Bended Page Book Store LLC and Bended Page Food & Beverage LLC (collectively, the "Subsidiaries") related to the operation of Debtor's business; and (g) prepaid expenses and deposits. *See APA § 1.2.* The Purchased Assets do not include (i) cash or bank deposits; (ii) tangible personal property sold in the ordinary course of business prior to Closing; (iii) insurance policies; (iv) the membership interests in the Subsidiaries; (v) books and records related to excluded assets and employment records Debtor is required to keep; and (vi) avoidance actions. *See APA § 1.3.*

c. **Sale Order.** The APA provides that the Court must enter the Sale Order by July 31, 2024. *See Revised APA § 9.1(g).*

d. **Records Retention/Access.** Sellers shall be entitled to access a copy of all Books and Records for the purpose of winding-up its affairs for three months following closing. *See APA § 10.2.*

e. **Agreements with Management.** None

---

[2] As defined in the APA, which includes post-closing obligations on the assumed and assigned leases and executory contracts, and honoring all current customer programs and gift cards.

f. **Earnest Money Deposit**. Purchaser paid a deposit of $20,000 and, pursuant to the Bid Procedures Order, will make a deposit of an additional deposit of $75,000 no later than June 21, 2024.[3]

g. **Identity of Purchaser.** The Purchaser is TC Acquisition Co. LLC, which is not an insider of Debtor. Purchaser and its parent and its affiliates (including Barnes & Noble Inc.) have no connections with Debtor whatsoever.

h. **Assumption of Executory Contracts and Unexpired Leases.** The proposed Sale contemplates that Debtors will assume and assign to Purchaser certain of their executory contracts and unexpired leases associated with the other Purchased Assets (i.e., the Assumed Contracts) pursuant to § 365 of the Bankruptcy Code. The APA contains a contingency that Debtor obtain extensions for two of its leases of non-residential real property. *See APA § 6.6*. As previously stated, Debtors will seek permission to assume and assign the Assumed Contracts by separate § 365 Motion which Debtor seeks to have approved pursuant to the Sale Order so there will be a single order approving the sale and assumption and assignment of Assumed Contracts.

i. **Use of Proceeds.** Uses of proceeds without further order of Court include satisfaction of the secured claims described below and paid time off accrued to Debtor's employees, which will be payable upon the employees' separation of employment with Debtor. *See Order*, at p. 16, § 21.

j. **Representations, Warranties and Covenants**. Debtors made various representations customary for a transaction of this kind including, but not limited to, those relating to organization and good standing, authorization and validity, qualification, absence of conflicts, and litigation. *See APA Article 5*. Purchaser has made certain representations, among others, relating to organization, good standing and authorization, absence of conflict, sufficiency of funds, solvency, litigation, and independent investigation. *See APA Article 5*.

k. **Conditions.** The Closing is conditioned upon the occurrence of certain events customary for transactions of this kind, including payment in full of the Purchase Price at Closing, the truthfulness of all representations and warranties, and all consents and approvals, including approvals of the Bankruptcy Court, having been obtained. *See APA §§ 8.2 through 8.3*. The Closing is also conditioned upon Debtor obtaining amendments to certain of the leases Purchaser intends to assume. *See APA § 6.6*.

l. **Rule 6004/6006 Waiver**. The proposed Sale Order provides that, upon entry, the Sale Order will be immediately enforceable, notwithstanding Bankruptcy Rules 6004 and 6006. *See Sale Order at p. 9, § X*. As discussed herein, the sale and prompt consummation thereof are in the best interest of Debtor and its estate in

---

[3] The Bid Procedures provide that an additional 3% of the purchase price was due on June 13, 2024. Debtor exercised its discretion, consistent with the Bid Procedures, to extend that deadline through June 21, 2024.

order to maintain and otherwise maximize the value of Debtor's Purchased Assets for the benefit of the estate and its stakeholders.

m. **Successor Liability Findings.** The Sale Order provides that Purchaser and its employees, officers, directors, advisors, lenders, affiliates, owners and successors and assigns shall not have any successor or vicarious liabilities of Debtor. *See Revised APA § 10.5; Sale Order, at p. 7, § S; p. 11, at § 7; p. 17, § 25.*

n. **Alternative Transaction.** The APA will terminate and the Deposit will be returned if Debtor proposes, pursues, supports and/or consummates a sale transaction with another party or is required to do so by court order or fails to close the transaction by July 31, 2024. *See APA § 10.*

o. **Closing.** Closing of the Sale will occur on or before July 31, 2024. *APA § 8.1.*

p. **Consumer Privacy Ombudsperson**. The Books and Records contain personally identifiable information ("PII"). Debtor has or will file a separate motion for the appointment of a consumer privacy ombudsperson pursuant to 11 U.S.C. § 332 to permit the sale of Debtor's PII under 11 U.S.C. § 363(b)(1)(B).

Debtor examined the alternatives to a sale of the Purchased Assets and has determined that, in light of Debtor's financial situation and the value of the Purchased Assets, the proposed sale offers substantial value and the most certain and immediate return to all creditors and is therefore the highest or otherwise best offer for the Purchased Assets under the circumstances. Debtor determined that the Sale of the Purchased Assets optimizes value for its estate and its creditors.

If you oppose the motion or object to the requested relief your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: June 17, 2024          Respectfully submitted,

<p style="margin-left: 40%">ONSAGER | FLETCHER | JOHNSON | PALMER LLC

*s/ Gabrielle G. Palmer*
   Andrew D. Johnson, #36879
   Gabrielle G. Palmer, #48948
600 17th Street, Suite 425 North
Denver, Colorado 80202
Ph: (720) 457-7059
ajohnson@OFJlaw.com
gpalmer@OFJlaw.com</p>

4

*Attorneys for Bended Page, LLC*

5