## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 23-14679-MER |
|  | ) |  |
| BENDED PAGE, LLC | ) | Chapter 11, Subchapter V |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**AMENDED ORDER APPROVING MOTION FOR ENTRY OF ORDER (A) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS; (B) AUTHORIZING DEBTOR'S SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE §§ 363(b), 363(f) and 363(m); AND (C) GRANTING RELATED RELIEF**

This matter comes before the Court on the Motion for Entry of Order (A) Approving Asset Purchase Agreement and Authorizing The Sale of Substantially All of Debtor's Assets' (B) Authorizing Debtor's Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code §§ 363(b), 363(f) and 363(m); and (C) Granting Related Relief (this "Motion to Sell") and the Motion for Entry of Order Authorizing Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365 in Connection with the Sale of Substantially All Assets (the "Assumption Motion" and with the Motion to Sell are the "Sale Motion"), filed by Bended Page LLC (the "Debtor") finds and concludes as follows:

A.   **Findings of Fact and Conclusions of Law**. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any

conclusions of law are findings of fact, they are adopted as such.

        B.      **Jurisdiction, Venue and Core Proceeding**. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        C.      **Statutory Predicates**. The statutory bases for the relief requested in the Motion are sections 105, 363, and 365 of the Bankruptcy Code, Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>"), and Rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Colorado (the "<u>Local Rules</u>"). The consummation of the transactions contemplated by the Motion, the APA[1] and this Order is legal, valid and properly authorized under all such provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and all of the applicable requirements of such sections and rules have been complied with in all respects or waived by this Court pursuant to this Order.

        D.      **Notice; Opportunity to Object**. As evidenced by the certificates of service filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion and the relief requested therein, and all deadlines related thereto, was given and no further notice was required or need be provided. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

        E.      **Notice.** Actual written notice of the of the Sale Motion was given to all interested persons, including, without limitation: (i) all Persons that assert any Claim or Lien in or against the Purchased Assets of the Debtor; (ii) all known creditors of and equity interest holdings

---

[1] All capitalized terms not defined have the meanings given in the Sale Motion.

in the Debtor; and (iii) all parties that filed requests for notices under Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002 prior to the time notice was given; (iv) the Office of the United States Trustee for the District of Colorado; and (ix) counsel to the Purchaser and all other notice parties reasonably requested by Purchaser in accordance with the APA. The foregoing constitutes proper, timely, adequate, and sufficient notice under the particular circumstances of this chapter 11 case, and no further notice was required or need be provided.

       F.     **Adequate Marketing; Highest or Best Offer**. The sale of the Purchased Assets to the Purchaser are duly authorized pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code, Bankruptcy Rule 6004(f), and Local Bankruptcy Rule 6004-(1). As demonstrated in the Sale Motion and the record, the Debtor marketed the Purchased Assets and conducted all aspects of the sale process in good faith. The marketing process undertaken by the Debtor and its professionals, agents and other representatives with respect to the Purchased Assets was adequate and appropriate and reasonably calculated to maximize value thereof for the benefit of all of the Debtor's stakeholders. The transactions embodied in the APA constitute the highest or otherwise best offer for the Purchased Assets.

       G.     **Corporate Authority**. Debtor (i) has full corporate power and authority to execute the APA, and the Sale to the Purchaser has been duly and validly authorized by all necessary corporate or similar action, (ii) has all of the corporate power and authority necessary to consummate the Sale and all transactions contemplated by the APA and this Order, (iii) has taken all corporate action necessary to authorize and approve the APA and the consummation of the Sale and all transactions contemplated thereby, and (iv) requires no consents or approvals, other than those expressly provided for in the APA to consummate the Sale and all transactions contemplated thereby.

H. **Property of the Estate**. The Purchased Assets of the Debtor constitutes property of the Debtor's estate and title in such assets is vested in the Debtor's estate.

I. **Sale in Best Interests**. Approval of the APA, assumption and assignment of the Assumed Contracts,[2] and consummation of the Sale of the Purchased Assets pursuant to the APA and this Order are in the best interests of the Debtor's estate, its creditors, and other parties in interest in this case.

J. **Business Justification**. The Debtor has demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for this Court to approve the APA and consummation of the Sale pursuant to section 363(b) of the Bankruptcy Code prior to and outside of a plan of reorganization because of the Debtor's financial position.

K. **Opportunity to Object**. Based on the Debtor's representations, the Court finds that a reasonable opportunity to object or be heard with respect to the Sale Motion, the Sale (and the transactions contemplated thereby), the assumption and assignment to the Purchaser of the Assumed Contracts, the Cure Costs applicable to the Assumed Contracts, and any asserted rights or interests under any contract has been afforded to all known Persons, including, without limitation, (i) all Persons known or reasonably known to have expressed an interest in a transaction with respect to all or part of the Purchased Assets; (ii) all Persons who have, or to have asserted, any Encumbrance of any kind whatsoever in or upon any of the Purchased Assets; (iii) each governmental agency that is an interested party with respect to the Sale and transactions proposed thereunder; and (iv) any Person that has requested notice pursuant to Bankruptcy Rule 2002 prior to the time notice was given.

---

[2] As used in this Order, "Assumed Contracts" shall exclude the Agreement for Indiecommerce Program Participation, dated as of August 17, 2017, by and between Booksense, Inc. and Tattered Cover, Inc.

L.      **Arm's-Length Sale**. The APA was negotiated, proposed, and entered into by the Debtor and the Purchaser without collusion, in good faith, and on an arm's-length basis. The Debtor and the Purchaser have not engaged in any conduct that would cause or permit the APA to be avoided under section 363(n) of the Bankruptcy Code.

M.      **Good Faith Purchaser**. The Purchaser is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.

N.      The Purchaser is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

O.      The consideration provided by the Purchaser for the Purchased Assets pursuant to the APA represents the fair market value therefore and thus also represents (a) reasonably equivalent value under the Bankruptcy Code, (b) fair consideration under any Uniform Fraudulent Transfer Act or any Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration, fair salable value, and fair value under any such laws as applicable or any other applicable laws of the United States, any state, territory, or possession thereof, or the District of Columbia. The APA and the Sale cannot be avoided under section 363(n) of the Bankruptcy Code. Neither the Purchaser nor any of its affiliates engaged in any conduct that would cause or permit the APA or the Sale contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

P.      As of the Closing, pursuant and subject to the terms of the APA, the transfer of the Purchased Assets and the Sale will effect a legal, valid, enforceable, and effective transfer of the Purchased Assets and will vest the Purchaser with all of the Debtor's rights, title, and

interests in and to the Purchased Assets, including operatorship thereof, free and clear of all Encumbrances.

Q.      The Purchaser shall be a party to all Assumed Contracts in the place of the Debtor as of the Closing provided that Purchaser's obligations under Assumed Contracts shall arise from and after the Closing on the Sale. The Purchaser shall not have any obligations (other than with respect to Cure Costs under Assumed Contracts) with respect to liabilities and claims attributable to the Assumed Contracts for any period prior to the Closing. The Purchaser shall have any and all rights and benefits of the Debtor under all such Assumed Contracts in the place of such Debtor, without interruption or termination of any kind, and all terms applicable to the Debtor shall apply to the Purchaser as if such Assumed Contracts were amended to replace the Debtor with the Purchaser.

R.      **Free and Clear**. The Purchaser would not have entered into the APA and would not consummate the Sale, thus adversely affecting the Debtor, the Debtor's estate and its creditors, if (i) the Purchased Assets and (ii) the assumption and assignment of the Assumed Contracts were not free and clear of all Encumbrances, to the greatest extent permitted by the Bankruptcy Code and applicable, non-bankruptcy law. A sale of the Purchased Assets other than one that is free and clear of all Encumbrances, would yield substantially less value for the Debtor, with less certainty, than the Sale as contemplated by the APA. The Debtor may sell the Purchased Assets free and clear of all Encumbrances, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All parties in interest, including, without limitation, holders of Liens and Claims and any other non-Debtor counterparties to the Assumed Contracts that did not object, or who withdrew their objection, to the Sale, the Sale Motion, the assumption and assignment of the applicable Assumed Contract or the associated Cure Cost, have consented to the relief granted herein pursuant to section 363(f)(2) of the Bankruptcy

Code. Those (i) holders of Liens and Claims and (ii) non-Debtor parties to Assumed Contracts who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens and Claims, if any, attach to the portion of the Purchase Price attributable to the property against or in which they assert a Lien or Claim, in the order of their priority, with the same validity, force, and effect that they now have as against such property, subject to any rights, claims and defenses the Debtor may possess with respect thereto.

S.      **No Successor Liability**. Neither the Purchaser nor any of its affiliates are successors to Debtor or the Debtor's estate by reason of any theory of law or equity, and neither the Purchaser nor any of its affiliates shall assume or in any way be responsible for any liability or obligation of the Debtor and/or its estate, except as otherwise expressly provided in the APA.

T.      **Assigned Contracts**. The Debtor has demonstrated that the assumption and assignment of the Assumed Contracts to the Purchaser in connection with the consummation of the Sale is an exercise of the Debtor's sound business judgment and is in the best interests of the Debtor, the Debtor's estate and creditors, and other parties in interest in this chapter 11 cases. The assignment of the Assumed Contracts to the Purchaser are an integral part of the APA and the Sale, and, accordingly, such assumption and assignment of the Assumed Contracts and the Assumed Liabilities related thereto, are reasonable and enhance the value of the Debtor's estate. Any non-Seller counterparty to an Assumed Contract that has not actually filed an objection to such assumption and assignment, or assignment, as applicable, with the Court in accordance with the terms of the applicable Section 365 Motion is deemed to have consented to such assumption and assignment, or assignment, as applicable.

U.      **Cure and Adequate Assurance**. The Debtor and the Purchaser, as

applicable under the APA, have, including by way of entering into the APA, and agreeing to the provisions relating to the Assumed Contracts therein, (i) cured, or provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assumed Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the Closing under any of the Assumed Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and the Purchaser has, based upon the record of these proceedings, provided adequate assurance of its future performance of and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code. The Purchaser's commitment under the APA to perform the obligations under the Assumed Contracts after the Closing, and the other evidence provided to non-Seller contract counterparties, constitutes adequate assurance of future performance under the Assumed Contracts being assigned to the Purchaser within the meanings of sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code. The Cure Costs[3] are hereby found to be the sole amounts necessary to cure any and all defaults under the Assumed Contracts under section 365(b) of the Bankruptcy Code.  The Court hereby approves the terms of the Aspen Grove Stipulation, which terms are incorporated herein by this reference as though set forth in full.  To the extent that any terms of this Order conflict with terms of the Aspen Grove Stipulation, the terms of the Aspen Grove Stipulation shall control.  To the extent any Assumed Contract is not an executory contract within the meaning of section 365 of the Bankruptcy Code, it shall be transferred to the Purchaser as an asset pursuant to section 363 of the Bankruptcy Code in accordance with the provisions of the APA and this Order that are

---

[3] The Court notes that Debtor and Aspen GRF2, LLC have filed a Stipulation at Docket No. __ ("Aspen Grove Stipulation") that provides for a Cure Cost to Aspen GRF2 LLC of $40,563.63, which shall be satisfied as provided in the Stipulation.

applicable to the sale and transfer of the other Purchased Assets.

        V.      **Unenforceability of Anti-Assignment Provisions**. To the extent any Assumed Contract contains an anti-assignment provision, such provision shall not restrict, limit, or prohibit the assumption, assignment, sale and transfer of such Assumed Contract to the Purchaser and is found to be an unenforceable anti-assignment provision within the meaning of section 365(f) of the Bankruptcy Code; provided, however, this provision of the Order is limited to the transfer to the Purchaser pursuant to this Order only and shall have no force or effect with respect to any future transfers.

        W.      **No Sub Rosa Plan**. The Sale of the Purchased Assets outside of a chapter 11 plan pursuant to the APA neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a chapter 11 plan for the Debtor. The Sale does not constitute a *sub rosa* chapter 11 plan.

        X.      **Prompt Consummation**. Time is of the essence in consummating the Sale. In order to maximize the value of the Purchased Assets, it is essential that the Sale occur within the time constraints set forth in the APA. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004 and 6006.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

        1.      The relief requested by the Sale Motion is granted as set forth herein and the relief requested by the Motion to Sell and the Assumption Motion is granted as set forth herein.

        2.      All objections to the relief granted herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

        3.      The Court finds that notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and

Bankruptcy Rules 2002, 6004, and 6006.

## Approval of the APA

4.      The APA, including all the terms and conditions thereof, is hereby approved.

5.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to perform its obligations under and to comply with the terms of the APA, and to consummate the Sale, pursuant to and in accordance with the terms and conditions of the APA. The Debtor and the Purchaser, and each of their respective officers, employees, and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the APA and this Order. Further, effective as of the Closing, the Purchaser, its successors and assigns, shall be designated and appointed as the Debtor's and estate's true and lawful attorney, with full power of substitution, in the Debtor's and the estate's name and stead, its successors and assigns, to demand and receive any and all of the Purchased Assets, and from time to time institute and prosecute in the name of the Purchaser, for the benefit of the Purchaser, its successors and assigns, any and all proceedings at law, in equity, or otherwise, that the Purchaser, its successors or assigns, may deem proper for the collection or reduction to possession of any of the Purchased Assets, and to do all acts and things with respect to the Purchased Assets that the Purchaser, its successors and assigns, shall deem desirable. All of the foregoing powers granted to the Purchaser are coupled with an interest and are irrevocable by the Debtor.

6.      This Order and the APA shall be binding in all respects upon the estate, all creditors of and equity holders in the Debtor and any and all other parties in interest in this chapter

11 case, including, without limitation, any and all holders of Liens and Claims (including holders of any rights or claims based on any putative successor or transferee liability) in the Purchased Assets, all non-Debtor parties to the Assumed Contracts, the Purchaser, the Debtor and its affiliates and subsidiaries, all successors and assigns of the Purchaser, and any trustee or successor trustee appointed in this chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code. The APA and the Sale are not subject to rejection or avoidance (whether through any avoidance, fraudulent transfer, preference or recovery, claim, action, or proceeding arising under chapter 5 of the Bankruptcy Code or under any similar state or federal Law or any other cause of action) by the Debtor, any chapter 7 or chapter 11 trustee of the Debtor's bankruptcy estate or any other Person. The APA and any related agreements, documents, or instruments may be modified, amended, or supplemented by the parties thereto in a writing signed by the parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

## Transfer of the Purchased Assets

7. The Purchaser shall assume and be liable for only the Assumed Liabilities and any other liabilities expressly assumed pursuant to the APA. Except as expressly permitted or otherwise specifically provided for in the APA or this Order, pursuant to sections 105(a), 363(b), 363(f), 365(b), 365(f) of the Bankruptcy Code and/or any other applicable section of the Bankruptcy Code, upon the Closing, the Purchased Assets shall be transferred to the Purchaser, free and clear of all Encumbrances. For purposes of this Order, "Liens," "Claims," and "Interests" shall mean:

> a. any and all encumbrances, charges, defects, liens (statutory or otherwise), claims, mortgages, leases, subleases, hypothecations, deeds of trust, pledges, security interests, options, rights of use or possession, rights of first offer or first refusal (or any other type of preferential arrangement), approval rights, rights of

11

consent, rights of offset, setoff and recoupment, successor liability, easements, servitudes, restrictive covenants, interests or rights under any operating agreement, encroachments, encumbrances, restrictions on transferability of any type, agreement, any rights that purport to give any Person a right or option to effect any forfeiture, modification, right of first offer or first refusal, tag-along or drag-along rights, preferential purchase rights, rights of purchase, or consents, or termination of the Debtor's or the Purchaser's interest in the Purchased Assets, any similar rights, and third-party interests or any other restrictions or limitations of any kind or nature whatsoever with respect to the Purchased Assets, including rights upon or related to any change in control, rights to restrict or change the Purchaser from becoming or continuing as the operator of the Purchased Assets for any reason, or any similar rights with respect to the Purchased Assets whether or not perfected, (collectively, "Liens");

b.   any and all claims as defined in section 101(5) of the Bankruptcy Code and jurisprudence interpreting the Bankruptcy Code (collectively, "Claims"); and

c.   any and all equity or other interests of any kind or nature whatsoever in or with respect to (x) the Debtor or its affiliates, subsidiaries, successors or assigns, (y) the Purchased Assets, or (z) the Assumed Contracts (collectively, "Interests" and, together with the Liens and Claims, "Encumbrances");

whether in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and whether arising by verbal or written agreement, understanding, law, equity or otherwise, and whether occurring or arising before, on or after the commencement of this chapter 11 case or occurring or arising prior to the Closing.

8.      All Persons are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtor to transfer the Purchased Assets to the Purchaser in accordance with the APA and this Order. Following the Closing, except for persons entitled to enforce Assumed Liabilities, all Persons (including, but not limited to, (i) the Debtor, the estate and/or its respective successors (including any trustee), (ii) creditors, (iii) investors, (iv) current and former employees and shareholders, (v) administrative agencies, (vi) governmental units, (vii) secretaries of state, (viii) federal, state, and local officials, including those maintaining any

authority relating to any environmental, health and safety laws, and (ix) the successors and assigns of each of the foregoing) holding Liens, Claims or Interests in the Debtor's Purchased Assets or against the Debtor in respect of the Purchased Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing any Liens, Claims or Interests against the Purchaser or any Affiliate of the Purchaser or any of their respective property, successors and assigns, or the Purchased Assets, as an alleged successor or on any other grounds. No Person shall assert, and the Purchaser and the Purchased Assets shall not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including, without limitation, any right of setoff or recoupment), liabilities, claims and interests, or basis of any kind or nature whatsoever to delay, defer, or impair any right of the Purchaser or the Debtor, or any obligation of any other Person, under or with respect to, any of the Purchased Assets, with respect to any act or omission that occurred prior to the Closing or with respect to any other agreement or any obligation of the Debtor that is not an Assumed Liability.

9.      Upon the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Purchased Assets and the Debtor's rights, title and interest therein, and a bill of sale transferring good and marketable title in the Purchased Assets to the Purchaser free and clear of all Liens, Claims and Interests Each and every federal, state, and local governmental agency, quasi-agency, or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale.

10.     The transfer of the Purchased Assets to the Purchaser pursuant to the APA and this Order shall constitute a legal, valid, and effective transfer of the Purchased Assets at the

Closing, and shall vest the Purchaser with all of the Debtor's rights, title, and interests in such Purchased Assets, including operatorship thereof, if applicable, free and clear of all Encumbrances.

11.     If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents, instruments or agreements evidencing Liens or Claims in the Purchased Assets has not delivered to the Debtor, prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens or Claims which the Person has with respect to the Purchased Assets or otherwise, then (a) the Debtor and the Purchaser are hereby each authorized to execute and file such statements, instruments, releases and other documents on behalf of such Person with respect to the Purchased Assets, and (b) the Debtor and the Purchaser are hereby authorized to file, register, or otherwise record a certified copy of this Order with any Governmental Authority and all Governmental Authorities and authorized and directed to accept the same, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Encumbrances in the Purchased Assets.

**Assumption and Assignment of Assumed Contracts**

12.     Pursuant to section 365 of the Bankruptcy Code, subject to and conditioned upon the Closing, the Debtor's assumption and assignment of the Assumed Contracts to the Purchaser and the Purchaser's assumption thereof on the terms set forth in the APA of the Assumed Contracts, is hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

13.     The Debtor is hereby authorized in accordance with section 365 of the Bankruptcy Code to (a) assume the Assumed Contracts, effective upon and subject to the

14

occurrence of the Closing, free and clear of all Encumbrances, which Assumed Contracts by operation of this Order, shall be deemed assumed and assigned effective as of the Closing, and (b) execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Assumed Contracts and the related Assumed Liabilities to the Purchaser.

14.    The Debtor is authorized to and shall assume all Assumed Contracts in accordance with section 365 of the Bankruptcy Code.

15.    The Debtor is authorized to and shall assign each Assumed Contract to the Purchaser in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract on the consent of the non-Debtor counterparty thereto or allow the non-Debtor party to such Assumed Contract to terminate, recapture, impose any penalty, condition, renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract, shall constitute unenforceable anti-assignment provisions that are void and of no force and effect; provided, however, this provision of the Order is limited to the transfer to the Purchaser pursuant to this Order only and shall have no force or effect with respect to any future transfers.

16.    All requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption and assignment of the Assumed Contracts by the Debtor to the Purchaser have been satisfied.

17.    The Assumed Contracts shall be transferred and assigned to, and following the Closing of the Sale, remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, limits, or conditions such assignment or transfer.

18.     After the Debtor transfers and assigns the Assumed Contracts to the Purchaser, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested in all right, title, and interest of each Assumed Contract free and clear of all Encumbrances, and all non-Debtor counterparties to the Assumed Contracts are barred and enjoined from asserting against the Purchaser or its assets, among other things, defaults, breaches, or claims of pecuniary losses existing as of the Closing or by reason of Closing.

19.     All defaults or other obligations of the Debtor under the Assumed Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) as to which no objections were interposed and remain pending as of the Closing are deemed satisfied by the payment of the proposed amount necessary, if any, to cure all monetary defaults, if any, under such Assumed Contract in those amounts set forth in the Assumption Motion, which were satisfied, or shall be satisfied as soon as practicable, as provided in the APA.

20.     The Court hereby approves the terms of the Aspen Grove Stipulation, which terms are incorporated herein by this reference as though set forth in full.  To the extent that any terms of this Order conflict with terms of the Aspen Grove Stipulation, the terms of the Aspen Grove Stipulation shall control.

21.     Pursuant to section 365(k) of the Bankruptcy Code, the Debtor and its estate shall be relieved from any liability for any breach for any Assumed Contract following the effective date of such assumption and assignment.

### Additional Provisions

22.     Debtor is authorized in its discretion to make the payments described in the Sale Motion from cash proceeds at Closing, including without limitation payment of the

undisputed portion of the Secured Claims and employment expenses at Closing.

23.     As of and after the Closing, all Persons are hereby authorized and directed to execute such documents and take all other actions as may be necessary to release their Liens and Claims in, to or against the Purchased Assets, as such Liens and Claims may have been recorded or may otherwise exist, and such Liens and Claims shall attach to the sale proceeds in the same priority they currently enjoy with respect to the applicable Purchased Assets prior to the Closing.

24.     This Order (a) shall be effective as a determination that, upon the Closing, all Encumbrances existing as to the Purchased Assets prior to the Closing have been unconditionally released, discharged, and terminated and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all Persons including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to, the Purchased Assets.

25.     Except as expressly permitted or otherwise specifically provided for in the APA or this Order, the Purchaser and its affiliates and their respective successors and assigns shall have no liability or responsibility for any liability or other obligation of the Debtor or the estate arising under or related to the Purchased Assets or otherwise. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the APA, the Purchaser and its affiliates shall not be liable for any Liens, Claims or other Encumbrances against the Debtor,

or any of its predecessors or affiliates or the estate, and the Purchaser and its affiliates and their respective successors and assigns shall have no successor or vicarious liabilities of any kind or character including but not limited to any theory of antitrust, warranty, product liability, environmental, successor or transferee liability, labor law, ERISA, *de facto* merger, or substantial continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Debtor's business prior to the Closing or any claims under the WARN Act or any claims related to wages, benefits, severance or vacation pay owed to employees or former employees of the Debtor other than any such liabilities that are Assumed Liabilities.

26.     Neither the Purchaser nor any of its affiliates nor any of their respective successors or assignees are or shall be deemed, as a result of the consummation of the Sale, to: (a) be legal successors to the Debtor or its estate by reason of any theory of law or equity, (b) have, *de facto* or otherwise, merged with or into the Debtor, or (c) be an alter ego or a mere continuation or substantial continuation or successor of the Debtor in any respect. Neither the Purchaser nor any of its affiliates nor any of their respective successors or assignees shall assume or in any way be responsible for any liability or obligation of the Debtor or the Debtor's estate, except as otherwise expressly provided in the APA.

27.     Following the Closing, no holder of a Lien, Claim or other Encumbrance in or against the Purchased Assets shall interfere with the Purchaser's title to or use and enjoyment of such Purchased Assets based on or related to such Lien or Claim, or any actions that the Debtor may take in this chapter 11 case or any successor case.

28.     All Persons that are in possession of some or all of the Purchased Assets are hereby directed to surrender possession of such Purchased Assets to the Purchaser on the Closing Date, unless the Purchaser otherwise agrees.

29.     The consideration provided by the Purchaser for the Purchased Assets under the APA constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. The Sale may not be avoided under section 363(n) of the Bankruptcy Code or otherwise. The APA was not entered into, and the Sale is not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtor under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law. Neither the Debtor nor the Purchaser have entered into the APA or any agreement contemplated thereby or are consummating the Sale with any fraudulent or otherwise improper purpose, including, without limitation, to evade any pension liabilities. No other Person or group of Persons has offered to purchase the Purchased Assets for an amount that would provide greater value to the Debtor and the Debtor's estate than the value provided by the Purchaser. The Court's approval of the Sale Motion and the APA are in the best interests of the Debtor, the Debtor's estate and creditors, and all other parties in interest in this chapter 11 case.

30.     This Court retains jurisdiction to enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements and other documents executed and/or delivered in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Debtor's Purchased Assets or performance of any other obligations owed to the Purchaser; (b) compel delivery of the Purchase Price or performance of other obligations owed to the Debtor; (c) resolve

any disputes arising under or related to the APA; (d) interpret, implement, and enforce the provisions of this Order, including the injunctions contained herein; and (e) protect the Purchaser and its affiliates and their respective successors and assigns from and against (i) any Encumbrances in, to or against the Purchased Assets and (ii) any creditors or other parties in interest regarding the turnover of the Purchased Assets that may be in their possession.

31.     Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any Person obtaining a stay pending appeal, the Debtor and the Purchaser, at the Purchaser's option, are free to close the Sale under the APA at any time prior to this Order becoming a Final Order. The Sale is undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Purchaser (including the assumption and assignment by the Debtor of the Assumed Contracts), unless such authorization is duly stayed pending such appeal. The Purchaser is a Purchaser in good faith of the Purchased Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

## Miscellaneous

32.     To the extent of any conflict between the APA and this Order, the terms and provisions of this Order shall govern.

33.     The failure to specifically reference any particular provisions of the APA or other related documents in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA and other related documents be authorized and approved in their entirety.

DATED: July 30, 2024

BY THE COURT:

_____

Honorable Michael E. Romero
United States Bankruptcy Judge